# Seipel *versus* International Life Insurance and Trust Company.

Where a party to a contract by his acts or default renders the performance of the contract impossible, or if not wholly impossible yet imposes such conditions upon its execution as to render its performance practically impossible, the other party to the contract may treat the same as rescinded.

March 2d 1877. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Common Pleas of *Lehigh county :* Of January Term 1876, No. 201.

Assumpsit by Martin A. Seipel against the International Life Insurance and Trust Company of New Jersey.

The case was thus. In November 1871, the defendant company, which was incorporated April 22d 1868 by the legislature of New Jersey, established an agency in Allentown, Pennsylvania. The plaintiff sold the defendant a mortgage on a property in New Jersey for $7000, and received its check for the purchase-money. At the same time, November 25th 1871, Seipel gave the company $2500 and entered into the following agreement :—

" The International Life Insurance and Trust Company of Jersey City, hereby acknowledge that they have this day had and received of and from Martin A. Seipel, of the city of Allentown, county of Lehigh and state of Pennsylvania, the sum of $2500, being the first premiums upon acceptable life risks, which, for certain good causes and considerations, the said Martin A. Seipel hereby agrees and

[Seipel *v.* International Life Ins. and Trust Co.]

covenants to procure and place and insure in the said company, within the period of two years from the date hereof. The said The International Life Insurance and Trust Company, hereby agrees to furnish policies for the said life risks, the first premiums amounting in the aggregate to $2500, whenever the said Seipel shall provide and place the said acceptable risks, within the aforesaid period of two years from the date hereof. Witness our hands this 25th day of November A. D. 1871."

In pursuance of this agreement the plaintiff proceeded and placed in the company life risks, the first premiums of which amounted to $466.93. While so engaged and within a year after the execution of the above agreement, the company quitted the life insurance business and sold out and transferred its entire insurance business to the United States Life Insurance Company of New York, discontinued its agencies, notified its policy holders to return their policies and accept new ones in the company to which the transfer had been made, and gave notice to the plaintiff and the general public that after October 15th 1872, its management would be " exclusively " directed to the trust and banking business.

Plaintiff thereupon treated the contract as rescinded and brought this suit to recover the balance of his money in the hands of defendant. Under the Act of May 14th 1874 the case was submitted to a referee, before whom it was contended, on behalf of the plaintiff, that by the above-mentioned acts the company had violated the contract and that therefore plaintiff had a right to rescind it and recover the balance due him.

The defence was that the company had reserved the right to fill contracts made prior to the date of the transfer, and that consequently the plaintiff could not recover.

The referee was of opinion that although these acts and default of the defendant placed the plaintiff in a worse position, this was not sufficient; that performance must be rendered entirely impossible, and that defendant had provided against this impossibility by reserving the right to issue policies of its own to fill contracts made prior to the transfer; and further, that the plaintiff could not rescind without tendering back the purchase-money of the mortgage, as the contract so far as the sale of the mortgage and the payment of the money thereon was executed, and the balance of the contract was executory, and the plaintiff could not avail himself of the first part and be entitled to rescind the latter. He therefore found for the defendant.

This finding of the referee was, *inter alia,* the error assigned by the plaintiff, who brought this writ.

*C. J. Erdman* and *Edward Harvey,* for plaintiff in error.— When a party enters into an agreement which can only take effect by the continuance of a certain existing state of circumstances,

[Seipel v. International Life Ins. and Trust Co.]

there is an implied engagement on his part that he will not, of his own motion, do anything to put an end to that state of circumstances, under which alone the agreement can be operative: 1 Chitty on Cont. 89, ed. of 1874; 2 Parsons on Cont. 676; Broom's Leg. Maxims 214; Stirling v. Maitland & Boyd, 117 E. C. L. R. 840; Tasker v. Shepherd, 6 H. & N. 581; Inchbald v. Western Neilgherry C. T. & C. P. Co., 17 C. B. N. S. 733; Kugler v. Wiseman, 20 Ohio 361; Crossgrove v. Himmelrich, 4 P. F. Smith 203; 1 Addison on Cont. 476; § 326; Id. 560, § 396; West v. Blakeway, 2 M. & G. 751; Dubois v. Del. & Hud. Canal Co., 4 Wend. 285; Planche v. Colburn et al., 8 Bing. 14; M'Intyre et al. v. Belcher, 14 C. B. N. S. 654; Robson & Sharpe v. Drummond, 2 B. & Ad. 303.

*R. E. Wright & Son*, for defendant in error.—It is an elementary principle of the law of contracts, that he who comes into court claiming to recover that which is to be his only upon the performance by him of certain conditions, cannot move to the enforcement of the covenant upon which he depends without first proving that he has performed the conditions precedent, or that performance has been waived, or that the party who was entitled to insist on performance has prevented or made it impossible: Warren v. Wheeler, 21 Maine 484; Norris v. Johnston, 5 Barr 287.

In the case at bar there is no pretence of a readiness, an ability or an offer to perform the conditions precedent to the plaintiff's right to recover, nor is there even an allegation that the defendant was not at all times ready and willing and able to issue policies of insurance upon the presentation of the risks.    It must be impossibility, not difficulty, that will excuse a party from the performance of a contract: Huling v. Craig, Addison's Rep. 342; Chitty on Cont. 1069; Gilpins v. Consequa, P. C. C. R. 184; Youqua v. Nixon, Id. 221; Tufnell v. Constable, 7 A. & E. 798; Shaw v. Lewistown Turnpike Co., 2 P. & W. 454; Martin v. Schoenberger, 8 W. & S. 368; Alexander v. Hoffman, 5 Id. 382 : Hall v. Rupley, 10 Barr 231.

Mr. Justice GORDON delivered the opinion of the court, March 12th 1877.

But a single question presents itself for consideration in this case; that question is, did the company defendant, by its own act, render the performance of the contract with Martin A. Seipel impossible, or, if not wholly impossible, were such new circumstances and conditions thrown around and imposed upon its execution, by the company, as warranted him in treating it as rescinded?    A statement of the facts will resolve this matter.

The defendant was a New Jersey corporation; it had complied

3 NORRIS—4

with the laws of Pennsylvania and established an agency at Allentown, and it had, therefore, the power to solicit and take risks in this Commonwealth. Seipel was a citizen of Allentown; he paid to the company $2500, which it agreed should be treated as first premiums, paid in advance, on life risks, of an acceptable character, to that amount, and which Seipel was empowered to present, within two years from the date of the contract, and which the company was bound to accept. The plaintiff was thus constituted an agent of this corporation; for it was only by virtue of such power that he could comply with the terms of the contract; and, on the other hand, the defendant could only accept the risks offered by the plaintiff by virtue of the power it acquired by a compliance with the statutes of this state. When, therefore, it expressed its determination to abandon the business of life insurance, and at the same time withdrew its agencies from Pennsylvania, it thereby not only disqualified itself for receiving risks, but also rendered it impossible for Seipel to solicit or procure them. For, in order to act even as a subordinate agent he must have an appointment, from the general agent for the state, duly certified by the auditor-general. Now, what signified the fact that the defendant reserved the right to issue policies to fulfil contracts made previously to the time of the abandonment of its general insurance business? It had, by its own act, put an end to the plaintiff's power to procure risks within his own state, the place of the contract, and hence its reservation did him no good. True, he might have gone into New Jersey and canvassed that state for risks; but, in the first place, it would be inequitable to compel him to accept a contract which had been mutilated by the cutting out of his own state, the place where both he and the company had intended he should procure the necessary risks to pay him back the money which he had advanced; and, in the second place, it would be rowing against tide to attempt to procure risks, even in New Jersey, for a company which had forestalled such attempt by announcing to the world that it had abandoned the insurance business. A more effectual method for blocking the way to the performance of a contract than that presented in the case in hand can scarcely be conceived, and we are not willing to agree that the party causing such obstruction should be permitted to profit thereby. It was also a mistake to suppose that a tender of the money, paid to the plaintiff for the mortgage sold by him to it, was a condition precedent to the plaintiff's right of action. That transaction does not in any way enter into the contract before us; the defendant, for reasons of its own, took especial care to make these transactions separate and distinct. Apart, however, from this, the default in performance, as we have shown, results from the act of the defendant, and it is upon this default, which amounts to a rescission, that the plaintiff's action is founded; he has, therefore, no precedent conditions to perform.

[Seipel *v.* International Life Ins. and Trust Co.]

And now, March 12th 1877, the judgment upon the award is reversed and set aside, and judgment is now entered for the plaintiff, Martin A. Seipel, and against the defendant, the International Life Insurance and Trust Co. of New Jersey, in the sum of $2434.58, with costs of suit. And it is ordered that the records be transmitted to the Court of Common Pleas of Lehigh county for execution.

STATEMENT.

| | |
|---|---:|
| Amount contract November 25th 1871, due November 25th 1873  . | $2500.00 |
| Less payment  .  .  .  .  .  .  .  .  . | 464.93 |
| | $2033.07 |
| Interest .  .  .  .  .  .  .  .  .  .  . | 401.51 |
| | $2434.58 |